UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELIA EVERETT | CIVIL ACTION |
| VERSUS | NO. 16-3693 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "A" (3) |

REPORT AND RECOMMENDATION

*Pro* se plaintiff Shelia Everett filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DBI") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.    BACKGROUND

Plaintiff filed applications for DIB and SSI on June 21, 2013, alleging a disability onset date of October 1, 2012, due to problems with her feet, arthritis, and depression. (Adm. Rec. at 181-196, 214). The Commissioner denied plaintiff's applications administratively. (*Id.* at 71-71). Pursuant to plaintiff's request, the Commissioner held a hearing on January 8, 2015, at which plaintiff and a vocational expert ("VE") testified. (*Id.* at 33-55). Counsel represented plaintiff at the hearing. (*Id.*).

On March 4, 2015, the Administrative Law Judge ("ALJ") rendered a decision in which he held that plaintiff is not disabled. (*Id.* at 14-24). The ALJ analyzed plaintiff's claim pursuant to the proper five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v),

1

416.920(a)(4)(i)-(v). At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2012, the alleged disability onset date. (*Id.* at 49). At step two, the ALJ found that plaintiff had the following severe impairments: arthritis of both knees and foot/toe problems. (*Id.* at 16). At step three, the ALJ found that plaintiff's impairments failed to meet or equal an Appendix 1 listed impairment for presumptive disability under the regulations. (*Id.* at 19). The ALJ then determined that plaintiff's subjective complaints were not fully credible. (*Id.* at 19-23). After consideration of the entire record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). (*Id.* at 19).

At step four, the ALJ found that plaintiff can perform her past relevant work as a food service worker, as she had performed it in the past. (*Id.* at 23-24). Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act, from October 1, 2012 through the date of his decision. (*Id.* at 24).

On March 9, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (*Id.* at 1-6). Accordingly, the ALJ's March 4, 2015 decision became the Commissioner's final administrative decision for purposes of this Court's judicial review. (*Id.* at 24). Plaintiff then filed this lawsuit pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.   *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496

(5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).  If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of

4

> impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

### IV.   ISSUE ON APPEAL

There is one issue on appeal:

(1)   Whether substantial evidence supports the ALJ's determination that plaintiff is not disabled under the Act.

## V.  ANALYSIS

### 1.  Whether substantial evidence supports the ALJ's determination that plaintiff is not disabled under the Act.

In his opinion, the ALJ determined that plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). (Adm. Rec. at 19). To form his assessment, the ALJ properly considered the credible medical, testimonial, and documentary evidence of record. (*Id.* at 16-23); *see Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988) (finding that to determine a claimant's RFC, the ALJ considers descriptions of physicians, the claimant, and the claimant's overall credibility). Plaintiff criticizes the ALJ's decision, claiming that, as a result of right foot surgery, she can not stand on her feet too long.   Having reviewed the evidence of record, however, the Court finds that substantial evidence supports the ALJ's RFC assessment.

On November 13, 2013, Miljana Mandich, M.D., performed a consultative examination of plaintiff. (Adm. Rec. at 311-314). Mandich noted that plaintiff had a normal gait and station and that she did not need nor use any assistive devices to walk. (*Id.* at 314). Mandich also found that, although the IP joint of the big toe was fused and did not bend, plaintiff's MIP joint had a normal range of motion. (*Id.* at 314); *see Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991) (concluding that subjective complaints of a musculoskeletal impairment were not borne out by the credible medical findings of record).

Progress notes taken during 2014 also reveal that although plaintiff reported some pain in connection with her right foot, medical professionals repeatedly noted either 4/5 or 5/5 strength in her right foot. (*Id.* at 673, 678, 681). The Fifth Circuit has long held that not all pain is disabling, and subjective evidence need not be credited over conflicting medical evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992). The ALJ further noted repeated non-compliance with

treatment recommendations, evidenced by plaintiff riding a bicycle. (*Id.* at 680, 685). "A claimant's non-compliance with treatment is a proper factor for the ALJ to consider in assessing credibility." *Robinson v. Astrue*, Civ. A. No. 09-2497, 2010 WL 2606325, at *8 (S.D. Tex. Jun. 28, 2010).

The Court can only find that the ALJ's analysis of this issue reveals a thorough consideration of the medical evidence and an appropriate assessment of plaintiff's impairments and RFC. The final responsibility for the determination of an individual's RFC and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner, not this Court. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (finding that the ALJ is responsible for determining a claimant's RFC). In her one paragraph motion for summary judgment, plaintiff has failed to point this Court to any evidence that would counter the ALJ's conclusion.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 9th day of March, 2017.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**